**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**CALEB LANE ,**

    **Plaintiff,**

v.                                                      **Case No.  8:11-cv-2851-T-30TBM**

**G.A.F. MATERIAL CORPORATION,
et al.,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss (Dkt. #23), and Plaintiff's Response (Dkt. #25).  Upon considering the motion, response, and being otherwise advised in the premises, the Court concludes that the motion should be denied.

### **Background**

Plaintiff Caleb Lane, an African-American, was hired by Defendant G.A.F. Materials Corporation ("GAF"), on February 1, 2008, where he worked as a general laborer and a coater operator in GAF's roofing manufacturing business.  While employed at GAF, one of Plaintiff's responsibilities was to conduct "sample match" tests of GAF's roof shingle mix.

According to GAF, on July 15, 2010, Plaintiff failed to conduct these tests each hour as required.  GAF maintains that Plaintiff only tested the mix once, at the end of his 3:00 p.m. to 8:00 p.m. shift.  GAF contends that Plaintiff's negligence resulted in deficient material being produced for several hours.  GAF was subsequently forced to scrap this

material, causing GAF a significant financial loss.  GAF also found that Plaintiff had falsified company records to incorrectly indicate that he had conducted a "sample match" test each hour, as required.  Plaintiff was terminated for the above-mentioned misconduct on July 21, 2010.

Plaintiff alleges that, approximately one month before he was fired, a white employee made essentially the same mistakes, but was not fired or even written-up for his misconduct.  Plaintiff further contends that about a week after Plaintiff was fired, another white employee again engaged in essentially the same misconduct, but was similarly neither fired nor written-up.  Thus, Plaintiff claims that he was in reality fired because of his race.

Plaintiff's union, Defendant United Steel Workers Union, Local 9-458, (the "Union") pursued a 3-step grievance process with GAF, but declined to take Plaintiff's case to arbitration.  Plaintiff subsequently sued GAF for disparate treatment discrimination (Count I of Plaintiff's Complaint), and both GAF and his Union under section 301 of the Labor Management Relations Act, bringing a hybrid breach of contract/unfair representation claim (Count II of Plaintiff's Complaint).  Defendant GAF now moves to dismiss Count II under Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted.

### Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff.  *See Erickson*

*v. Pardus*, 551 U.S. 89, 93-94 (2007).  However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).  On the contrary, legal conclusions "must be supported by factual allegations."  *Id.*  Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."  *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

While a "heightened fact pleading of specifics" is not required, "enough facts to state a claim to relief that is plausible on its face" is necessary.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Moreover, when the factual allegations are "not only compatible with, but indeed [are] more likely explained by" lawful activity, the complaint must be dismissed.  *Iqbal,* 129 S.Ct. at 1951; *see also N.Am. Clearing, Inc. v. Brokerage Computer Sys., Inc.,* 2009 WL 1513389 (M.D. Fla. May 27, 2009) ("On a Rule 12(b)(6) motion to dismiss, when a court considers the range of possible interpretations of the defendant's alleged conduct, if the 'more likely explanations' involve lawful, non-actionable behavior, the court should find that the plaintiff's claim is not plausible.").

### Discussion

A hybrid § 301/fair-representation claim is in reality two claims inextricably bound together; specifically, an employee's hybrid 301 cause of action comprises a claim against his employer for breach of the collective-bargaining agreement, and a claim against his union for breach of its duty of fair representation.  *Coppage v. U.S. Postal Service*, 281 F.3d 1200, 1204 (11th Cir. 2002).  In order to state a *prima facie* "hybrid 301" claim, a plaintiff must

show that: (1) his employer violated its collective bargaining agreement with respect to plaintiff; and (2) his union, motivated by discriminatory animus, permitted the violation to go unrepaired, thereby breaching the union's duty of fair representation. *Id.; DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 164-65 (1983); *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 868 (7th Cir. 1985).

Here, Plaintiff has adequately pled a hybrid 301 claim. First, Plaintiff alleges that GAF violated the collective bargaining agreement ("CBA"). The CBA explicitly prohibits "discrimination of any sort against any qualified employee on the basis of race." As Plaintiff contends that GAF discriminated against him on account of his race, as discussed above, he has adequately pled that GAF violated the CBA.

Second, Plaintiff has alleged that his union, motivated by discriminatory animus, permitted this alleged violation to go unrepaired by failing to pursue Plaintiff's case in arbitration. As discussed above, Plaintiff claims that he was fired for engaging in certain misconduct whereas other similarly situated white employees were neither fired nor written-up for engaging in similar misconduct. Moreover, Plaintiff contends that the Union knew, or should have known, that Plaintiff was fired because of his race, having witnessed GAF's disparate treatment of white and black employees. Plaintiff further contends that the Union failed to protest this act of race discrimination by opting not to pursue Plaintiff's complaint through to arbitration, thereby implicitly sanctioning said discrimination. Accordingly, Plaintiff has adequately pled that the Union violated its duty of fair representation, by failing to fairly represent him on account of his race. *See, e.g., EEOC Dec. P 6163*, 1979 WL 6911,

*1 (E.E.O.C. 1979) (failing to process a claim through to arbitration, because of the complainant's race, violates a union's duty of fair representation).

In short, Plaintiff has alleged enough to survive a motion to dismiss, as, taking Plaintiff's allegations as true, Plaintiff states a plausible claim to relief. Whether there is anything to Plaintiff's claims is an issue more appropriately decided at the summary judgment stage.[1]

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (Dkt. #23), is hereby **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on June 20, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2011\11-cv-2851.mtd.frm

---

[1] Both parties appear to agree that the statute of limitations started to run in this case from the date the Union notified Plaintiff it would not pursue his grievance through to arbitration. They disagree, however, whether the relevant length of the statute of limitations is six months, or four years. Regardless of the correct time period, Plaintiff alleges that the Union notified him that it would not pursue Plaintiff's case in arbitration in July, 2011, which would prevent Plaintiff's claim from being barred by even the shorter, six-month period. Although Defendant asserts that it is "inconceivable" that the Union took a year to go through the grievance process and notify Plaintiff that it was not pursuing arbitration, this Court, in considering a motion to dismiss, must take all of Plaintiff's alleged facts as true. Defendant can contest the veracity of Plaintiff's alleged notification date at the summary judgment stage.