# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**CALEB LANE ,**

    Plaintiff,

v.                                                Case No.  8:11-cv-2851-T-30TBM

**G.A.F. MATERIAL CORPORATION,**
**et al.,**

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Amend Complaint Pursuant to Rule 11; Or, in the Alternative, Plaintiff's Motion to Drop the USW (Local 9-458) as a Party Defendant (Dkt. 47), Defendant United Steelworkers Local 9-458's Response in Opposition to Motion to Amend (Dkt. 51), Defendant G.A.F. Materials Corporation's Response in Opposition to Plaintiff's Motion to Amend Complaint (Dkt. 55), Plaintiff's Motion for Leave to File a Reply Brief to Defendant's USW 9-458's Response in Opposition to Motion to Amend (Dkt. 52), and Defendant G.A.F. Materials Corporation's Unopposed Motion for Extension of Time (Dkt. 56).  The Court, having reviewed the motions, responses, and being otherwise advised in the premises, concludes the motion to amend the complaint or, alternatively, to drop USW as a party defendant should be denied in part and granted in part; the motion to file a reply brief should be denied as moot; and the motion to extend the dispositive motion deadline should be granted.

## BACKGROUND

Plaintiff Lane has waffled between the claims he wants to assert against Defendants G.A.F. Materials Corporation ("GAF") and United Steelworkers Local 9-458 ("USW"). Lane initiated this action with the filing of his original complaint on December 28, 2011. On February 19, 2012, he filed an amended complaint alleging discriminatory termination under 42 U.S.C. § 1981 and breach of contract under § 301 of the Taft-Hartley Act of 1947. The Court then issued its Case Management and Scheduling Order on April 18, 2012, specifying that "motions to amend any pleading or a motion for continuance of any pretrial conference, hearing or trial filed after issuance of this [Order] *are disfavored*. *See* Local Rules 3.05(c)(2)(E) and 3.05(c)(3)(D)." Nevertheless, on May 4, 2012, Lane moved to file a second amended complaint in response to Defendants' motion to dismiss count two of the first amended complaint as time-barred. The Court allowed Lane's second amended complaint, substituting count two's breach of contract under § 301 with a claim for breach of duty of fair representation under § 1981.

On June 20, 2012, the Court denied GAF's motion to dismiss count two, finding that Lane "adequately pled a hybrid 301 claim" (1) against GAF for violating its collective bargaining agreement with respect to Lane and (2) against USW which, motivated by discriminatory animus, allowed the violation to go unrepaired, thereby breaching the union's duty of fair representation. Having framed the issue against USW as one of racial discrimination, the case proceeded through the fact discovery period, including the deposition of Lane. At his deposition on August 9, 2012, Lane testified that USW discriminated against

him *not* due to his race, but because he was not "in a certain clique." The following day USW's counsel informed Lane's counsel that, because no case for race discrimination was sustainable under § 1981, USW would move for Rule 11 sanctions if the claim was not dismissed. Lane's counsel acknowledged receipt, but stated he felt a viable race discrimination claim remained. Five months lapsed without Lane moving for leave to amend.

On December 14, 2012, USW's counsel formally asserted a Rule 11 demand on Lane's counsel. Now, on the eve of the dispositive motion deadline and well beyond the fact discovery deadline, Lane moves yet again to file a third amended complaint to assert that USW breached its duty of fair representation because its actions were "arbitrary" and in "bad faith," rather than motivated by discriminatory animus, and to add that GAF violated the collective bargaining agreement in violation of § 301 of the Labor-Management Relations Act of 1947 in addition to 42 U.S.C. § 1981. Lane moves, in the alternative, for USW to be dropped as a party defendant if he is not granted leave to file a third amended complaint.

## DISCUSSION

Lane and GAF address the motion to amend the complaint under Federal Rule of Civil Procedure 15(a). USW addresses the motion under Federal Rule of Civil Procedure 16(b). The Court agrees that Rule 16(b) governs the instant motion because of the procedural posture of the case, although the Court finds that the outcome is the same under the more liberal Rule 15(a) standard of review. Because Lane fails to show good cause for his delay

in bringing this motion, Lane's motion to amend the second amended complaint is denied. Additionally, Lane's alternative motion to drop USW as a party defendant is granted.

Federal Rule of Civil Procedure 16 requires a district court to enter a scheduling order that dictates the time within which the parties must join additional parties, amend the pleadings, file motions, and complete discovery. Fed. R. Civ. P. 16(b). "When a party asks to amend a pleading after the applicable scheduling order deadline has passed . . . the party is in effect seeking to modify the scheduling order deadlines." *Auto-Owners Ins. Co. v. Ace Elec. Serv., Inc.*, 648 F. Supp. 2d 1371, 1375 (M.D. Fla. 2009) (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). The scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F. 3d at 1418 (citing Fed. R. Civ. P. 16 advisory committee's note)

Under the Eleventh Circuit's case law, the key to establishing good cause for an untimely amendment is demonstrating diligence. *Auto-Owners Ins. Co.*, 648 F. Supp. 2d at 1375. Three factors are relevant to this inquiry: "(1) whether the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; (2) whether the information supporting the proposed amendment was available to the plaintiff; and (3) even after acquiring information, whether the plaintiff delayed in asking for amendment." *Id.* (quoting *Pioneer Int'l (USA), Inc. v. Reid*, 2007 WL 4365637, at *2 (M.D. Fla. Dec. 12, 2007)); *see Sosa*, 133 F. 3d at 1418-19.

The Court's scheduling order of April 18, 2012, provides hard deadlines for third-party joinders, fact discovery, expert disclosures, expert discovery, and dispositive motions. As quoted above, it also says that "motions to amend any pleading . . . after issuance of this [order] *are disfavored*." The Court admits this phrase is less clear than the other deadlines; however, it should be entitled to the same weight for purposes of the heightened standard of "good cause" under Rule 16 because logic dictates the deadline to amend a pleading must precede a fact discovery deadline. *See Wasdin v. Cheetah Transp., LLC*, 2006 WL 3534969, at *1 (M.D. Ga. Dec. 7, 2006) (stating that "the deadline for motions to amend is typically 30 days before the discovery completion deadline" and noting "[t]his distinction is important, because if Plaintiff's motion is treated as complying with the Court-mandated deadlines, Rule 15 of the Federal Rules of Civil Procedure applies, but if the motion is deemed to be in violation of the scheduling order, Rule 16 applies"). Lane made this motion to file a third amended complaint on January 7, 2013, a mere fourteen days before the dispositive motion deadline on January 21, 2013. Fact discovery has been closed since October 17, 2012. If Lane is permitted to file a fourth version of his complaint, that would certainly render the dispositive motion deadline a nullity and force the scheduling order to be completely abandoned.

Lane plainly fails the good cause analysis. He failed to move to amend the complaint during the fact discovery period when he undoubtedly was on notice of these facts, especially given USW's threat to file Rule 11 sanctions in August following his deposition. This shows a disregard for the information available to him. Moreover, he delayed nearly five months

before filing this motion to amend, which then came only in response to a formal Rule 11 notice. Thereby, Lane has not carried his burden to amend the scheduling order and his motion to amend the complaint is denied.

Even assuming the scheduling order lacks the clarity sufficient to warrant Rule 16 review, Lane is not entitled to amendment under Federal Rule of Civil Procedure 15(a). Under Rule 15, a court should give leave to amend freely "when justice so requires." Fed. R. Civ. P. 15(a). "The district court, however, need not 'allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.'" *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (quoting *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)).

Lane unduly delayed in moving to amend to file a fourth version of his complaint. At this stage, it would be unduly prejudicial to GAF and USW to allow amendment because discovery would have to be reopened. Both defendants have prepared for trial which is scheduled for the May 2013 trial term. Moreover, Lane already has had repeated opportunities to cure any deficiencies. Thus, even under the more liberal Rule 15(a) standard, Lane still is not entitled to amendment.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Amend Complaint Pursuant to Rule 11; Or, in the Alternative, Plaintiff's Motion to Drop the USW (Local 9-458) as a Party Defendant (Dkt. 47) is denied in part and granted in part as stated herein.

2. Plaintiff's Motion for Leave to File a Reply Brief to Defendant's USW-9-458's Response in Opposition to Motion to Amend (Dkt. 52) is DENIED as moot.

3. Defendant G.A.F. Materials Corporation's Unopposed Motion for Extension of Time (Dkt. 56) is GRANTED.

4. The Clerk is directed to dismiss the case with prejudice against Defendant United Steelworkers Local 9-458.

5. Plaintiff Lane and Defendant G.A.F. Materials Corporation shall file any dispositive motions on or before twenty (20) days after the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on January 11, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2011\11-cv-2851.denyamendcomplaint2.frm