# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

CALEB LANE ,

    Plaintiff,

v.                                                 Case No.  8:11-cv-2851-T-30TBM

G.A.F. MATERIAL CORPORATION,
et al.,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Vacate Order Dropping USW 9-458 as Party Defendant (Dkt. 60) and Defendant United Steelworkers Local 9-458's Response in Opposition to Motion to Vacate (Dkt. 62).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes the motion should be granted in part and denied in part.

## BACKGROUND

On May 10, 2012, Plaintiff Caleb Lane filed a second amended complaint alleging discriminatory termination and breach of duty of fair representation under 42 U.S.C. § 1981 against Defendants G.A.F. Materials Corporation ("GAF") and United Steelworkers Local 9-458 ("USW").  The fact discovery deadline was October 17, 2012, and the dispositive motion deadline was January 21, 2013.

On December 14, 2012, USW's counsel formally asserted a Rule 11 demand on Lane's counsel in response to Lane's deposition testimony taken in August 2012.  In

response to the Rule 11 demand, Lane moved to file a third amended complaint to assert that USW breached its duty of fair representation because its actions were "arbitrary" and in "bad faith," rather than motivated by discriminatory animus as alleged in the second amended complaint. Lane's motion asked first to amend the complaint or, *in the alternative*, to drop USW as a party defendant.

The Court denied Lane's motion to amend his complaint for the reasons stated in its order of January 11, 2013, but granted Lane's alternative relief, namely, to drop USW as a party defendant. *See* Dkt. 59. Presumably, Lane requested such relief to prevent USW from filing its Rule 11 motion for sanctions. However, the Court did not make any findings as to the merits of a Rule 11 motion or the validity of Lane's claims against USW.

Lane now moves to vacate the Court's order of January 11, 2013. Specifically, Lane requests the Court to "(1) reinstate the USW as a party defendant and (2) to grant leave to the Plaintiff to file his Fourth Amended Complaint (or), (3) in the alternative, an order holding that the Third Amended Complaint is simply not 'frivolous' on its face."[1] Lane argues this relief should be granted because "[t]he order dropping the Union from the within lawsuit is premised upon a '*Drop this frivolous lawsuit, because I said so*' philosophy; as well as an unfair and inaccurate interpretation of the parties' *reciprocal obligations* under Rule 11(c)(2)." (emphasis in original). USW filed a response opposing Lane's motion to vacate, and Lane indicated that GAF also opposes his motion.

---

[1] The Court interprets this request to mean leave to file a third amended complaint or, alternatively, to hold the currently filed second amended complaint as not frivolous.

## STANDARD OF REVIEW

Although Lane labels his filing as a "motion to vacate" the Court's order of January 11, 2013, the Court interprets this to be a motion to reconsider that ruling. A motion to reconsider may fall within the ambit of either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Federal Rule of Civil Procedure Rule 60(b) (motion for relief from judgment). *McCreary v. Brevard Cnty., Florida*, 2010 WL 2836709, *1 (M.D. Fla. July 19, 2010). "The purpose of a motion for reconsideration is to correct manifest errors of law, to present newly discovered evidence, or to prevent manifest injustice." *Id.* "A motion to reconsider is not a vehicle for rehashing arguments the Court has already rejected or for attempting to refute the basis for the Court's earlier decision." *Parker v. Midland Credit Mgmt., Inc.,* 874 F. Supp. 2d 1353, 1359 (M.D. Fla. 2012) (quoting *Lamar Advertising of Mobile, Inc. v. City of Lakeland*, 189 F.R.D. 480, 490 (M.D. Fla. 1999)). Motions for reconsideration are left to the sound discretion of the district court and will not be overturned on appeal absent an abuse of discretion. *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993).

## DISCUSSION

Lane's motion fails to show any clear error of law in the original order. Rather, Lane revisits his previous arguments related to Rule 11 and again asserts that he is entitled to file yet another amended complaint. However, Lane presents the new "evidence" that he does *not* want USW dropped as a party defendant. Because the Court granted that relief in response to *his* request, the Court will vacate its order dropping USW, but denies Lane's motion to vacate as it relates to filing an amended complaint.

Lane incorrectly argues that Rule 11 entitles him to amend. Rule 11 provides that a motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). Lane argues that "appropriately corrected" means he has a *right* to amend his pleadings per Rule 11, similar to the right to amend within twenty-one days after serving a pleading under Rule 15(a). But "appropriately corrected" does not entitle a party to amend whenever it chooses, disregarding Rule 16(b)'s requirement to show good cause in order to adjust the Court's Scheduling Order. Lane had several choices: move to amend earlier, move to drop USW as a party defendant, or persevere in his current claims if he reasonably believes that his legal and factual contentions are supported.

Lane fails to even address the good cause standard and diligence requirement the Court discussed in its order denying his motion to amend under Rule 16(b). Because of this failure to show clear error, the Court denies Lane's motion to vacate as it relates to denial of his motion to amend the complaint.

Finally, Lane asserts that "this Court has, without justification, *seemingly bailed out the USW and their legal counsel by dropping the USW from this lawsuit.*" (emphasis in original). The Court dropped USW at *Lane's* request, not *sua sponte*. The Court made no findings as to the merits of Lane's case against USW and certainly did not state or imply to "drop this frivolous lawsuit, because I said so." The Court will grant Lane's motion to vacate the order as it relates to reinstating USW as a party defendant and allow the case to proceed under the second amended complaint.

Finally, because of the proximity of this motion to the quickly approaching dispositive motion deadline, the Court extends the deadline for dispositive motions fourteen days from the date of this Order.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Vacate Order Dropping USW 9-458 as Party Defendant (Dkt. 60) is granted in part and denied in part as stated herein.

2. The Clerk is directed to vacate the order dismissing the case with prejudice against Defendant United Steelworkers Local 9-458.

3. The parties shall file any dispositive motions on or before fourteen (14) days after the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on January 24, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2011\11-cv-2851.denyreconsideration.frm