**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CALEB LANE ,**

    Plaintiff,

v.                                          Case No.  8:11-cv-2851-T-30TBM

**G.A.F. MATERIAL CORPORATION,**

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Affidavit of Anthony J. Hall (Dkt. 86), Defendant's Bill of Costs (Dkt. 87), Defendant's Motion to Tax Costs (Dkt. 88), and Plaintiff's Response to Defendant's Motion to Tax Costs (Dkt. 90).  The Court, having reviewed the motion, bill of costs, affidavit, response, and being otherwise advised in the premises, concludes the motion to tax costs should be granted in part and denied in part.

## STANDARD FOR AWARDING COSTS

Under Federal Rule of Civil Procedure 54(d)(1), costs "should be allowed to the prevailing party" unless "a federal statute, [the rules of Federal Civil Procedure], or a court order provides otherwise."  Defendant GAF prevailed in this case and is entitled to recover the costs enumerated under 28 U.S.C. § 1920.  Under section 1920, a judge or clerk of any court of the United States may tax as costs the following: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the

case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of title 28; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of title 28. *See generally, Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-42, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987), *superseded on other grounds by* 42 U.S.C. § 1988(c) (finding that 28 U.S.C. § 1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as a cost under the discretionary authority granted in Rule 54(d)). Absent explicit statutory or contractual authorization, the Court is limited to those costs specifically enumerated in § 1920. *See Crawford Fitting Co.*, 482 U.S. at 445.

## DISCUSSION

GAF requests costs in the amount of $1,581.35 for deposition transcripts. Lane does not object to these costs. Because GAF relied upon the depositions in its motion for summary judgment, the Court finds they were necessarily obtained for use in the case and are recoverable under § 1920. *See Watson v. Lake Cnty.*, 492 Fed. App'x 991, 996-97 (11th Cir. 2012) ("[E]ven where a deposition is not ultimately used [at trial or in a summary judgment motion] as part of the prevailing party's case, we have held that the costs of the deposition are taxable under § 1920 where no evidence shows that the deposition was unrelated to an issue in the case at the time it was taken.").

Yet, GAF improperly groups costs for shipping and handling of deposition transcripts which are clearly not allowable under § 1920. *Id.* at 997 (finding district court abused its discretion by taxing costs for shipment and binding of depositions because "§ 1920 does not authorize recovery of costs for shipment of depositions or costs for binders, tabs, and technical labor"). The Court will not tax as costs the $24.00 charged for shipping and handling of the transcripts.

GAF also requests mediation costs in the amount of $520. Lane objects to the requested costs for mediation as impermissible under § 1920. The Court agrees. The law is clear that costs associated with mediation are not recoverable under § 1920. *See, e.g., Hawkins v. Condo. Owners Ass'n of Sand Cay, Inc.*, 2012 WL 4761357, at *5 (M.D. Fla. Oct. 5, 2012).[1] Because the Court is limited to costs allowable under § 1920, the Court will not award costs associated with mediation.

In sum, the Court awards GAF costs in the total amount of $1,557.35.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Tax Costs (Dkt. 88) is granted in part and denied in part has stated herein.

2. The Clerk is directed to enter a Bill of Costs against Plaintiff and in favor of Defendant in the amount of $1,557.35 for taxable costs.

---

[1] The Court's order referring the case to mediation states that "upon motion of the prevailing party, [the mediator's fee] may be taxed as costs in the instant action." *See* Dkt. 29. The Court recognizes the confusion created by this language and will not include it in future orders referring cases to mediation.

3. This case shall remain closed.

**DONE** and **ORDERED** in Tampa, Florida on May 3, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2011\11-cv-2851.costs.frm